# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD K. SCOTT,

    Plaintiff,

    v.

KEITH B. QUIGLEY, et al.,

    Defendants.

CIVIL ACTION NO. 3:03-CV-768

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Defendants' Motion For Summary Judgment filed by Defendants Jeffery A. Beard and Ray J. Sobina. (Doc. 40.) The Court finds that Plaintiff has failed to submit evidence from which a reasonable fact-finder could conclude that Defendants Beard and Sobina, or any other official, acted with deliberate indifference regarding Plaintiff's complaint concerning his continued incarceration. Accordingly, the Court will grant Defendants' motion. In addition, the Court will dismiss Plaintiff's remaining state law claims for lack of jurisdiction pursuant to § 1367(c). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## **BACKGROUND**

On April 17, 2000, Plaintiff Ronald K. Scott was convicted of two counts of robbery. On April 27, 2000, Judge Quigley, formerly a defendant in this matter, sentenced Plaintiff to a term of incarceration of twelve to twenty-four years. Plaintiff then appealed his conviction. On July 31, 2001, Judge Rehkamp, also formerly a defendant in this matter, issued an order granting Plaintiff bail pending his appeal. Judge Rehkamp set bail at $35,000.00 to be paid in a form approved by him. After an unsuccessful

attempt at posting bail with unencumbered property, Plaintiff posted bail on February 13, 2002, through a bail bondsman. Plaintiff was not released, however, because of previously imposed detainers. On February 28, 2002, Plaintiff paid all detainers and Judge Rehkamp ordered that Plaintiff be released. A certified copy of the order was sent via United States Postal Service on February 28, 2002, and was received by the Department of Corrections on March 4, 2002. Plaintiff was released on bail that same day.

Plaintiff commenced the instant action *pro se* on May 7, 2003. In the Complaint, Plaintiff alleged violations of both the United States Constitution as well as the Constitution of the Commonwealth of Pennsylvania. Defendants filed the instant motion on February 28, 2005. Plaintiff filed a brief in opposition, to which Defendants replied. The matter is fully briefed and ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a

genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

**1)      Federal Claims**

As noted in the Court's previous Memoranda, the Complaint alleges violations of the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.  In the Court's September 9, 2003, Memoranda, all of Plaintiff's claims brought pursuant to the Fifth, Sixth and Fourteenth Amendments were dismissed for failure to state a claim upon which relief may be granted.  (Doc. 16 at 8-15.)  Therefore, the only remaining claim against Defendants Beard and Sobina is that they violated the rights afforded Plaintiff under the Eighth Amendment by failing to release him from prison upon the order issued by the Honorable C. Joseph Rehkamp on February 28, 2002, because of DOC Policy 11.5.1-4.

In its previous Memorandum, the Court raised the question concerning the proper standard under which Plaintiff's Eighth Amendment claim should be evaluated.  (Doc. 16 at 15.)  The Court noted that under the standard set forth in *Turner v. Safley*, 482 U.S. 78 (1987), DOC Policy 11.5.1-4 must be reasonably related to legitimate penological interests.  (*Id.*)  This was in error.  Eighth Amendment claims are subject to the more exacting deliberate indifference standard "because the integrity of the criminal justice system depends on full compliance with the Eighth Amendment." *Johnson v. California*, --- U.S. ---, 125 S. Ct. 1141, 1149-50 (2005).  Accordingly, the Court must evaluate the constitutionality of DOC Policy 11.5.1-4 under the standard set forth by the United States Court of Appeals for the Third Circuit in *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993).

Plaintiff alleges that DOC Policy 11.5.1-4 caused him to be subject to incarceration

4

without penological justification.  To establish § 1983 liability for incarceration without penological justification in violation of the Eighth Amendment, the United States Court of Appeals for the Third Circuit requires the convergence of three elements. *Moore*, 986 F.2d at 686 (3d Cir. 1993).  First, Plaintiff must demonstrate that a prison official had knowledge of Plaintiff's problem, and thus of the risk that unwarranted punishment was being, or would be inflicted. *Id.*  Second, Plaintiff must establish that the official either failed to act or took ineffectual action under the circumstances, thus demonstrating a deliberate indifference to the plight of Plaintiff.  *Id.*  Finally, Plaintiff must show a casual connection between the official's response to the problem and the infliction of the unjustified detention.  *Id.*

On February 25, 2002, Plaintiff filed an Inmate's Request To Staff Member.  (Doc. 41, Ex. 1-B.)  In the request, Plaintiff stated that his incarceration was being continued despite the fact that he had been granted bail.  (*Id.*)  A Department of Corrections official responded to Plaintiff the same day indicating that the delay was caused by a lack of certified paperwork.  (*Id.*)  The evidence also suggests that at the time Plaintiff filed the request, he was not entitled to be released because of the existence of detainers lodged against him.  (Doc. 41, Ex. 1 ¶ 8.)  The evidence submitted indicates that on February 28, 2002, Plaintiff satisfied the detainers in full.  (Doc. 41, Ex. 1 ¶ 9; Doc. 41, Ex. 1-E; Doc. 45, Ex. A ¶ 1.)  That same day, Judge Rehkamp ordered Plaintiff be released from incarceration.  (Doc. 41, Ex. 1-D.)  The order was then sent by the Perry County Sheriff's Department to the Department of Corrections on February, 28 2002.  (Doc. 41, Ex. 1-C; Doc. 45, Ex. A ¶ 8.)  The evidence submitted indicates that a letter from the Perry County

Sheriff's Department and Judge Rehkamp's order were received by the Department of Corrections on March 4, 2002.  (Doc. 41, Ex. 1 ¶ 9; Doc. 41, Ex. 2 ¶ 7; Doc. 41, Ex. 1-C.) Plaintiff failed to submit any evidence to the contrary.   It is undisputed that the Department of Corrections released Plaintiff on March 4, 2002.

Deliberate indifference may be established where a prison official refuses to address a question of incarceration without penological justification brought to his attention by an inmate.  *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989).  Unlike situations where prison officials stood idly by while prisoners' contentions about the legality of their continued detention went unaddressed, there is no evidence in the instant matter that Plaintiff suffered a similar fate.  In fact, Plaintiff has failed to submit any evidence from which a reasonable fact-finder could conclude that Defendants Beard or Sobina, or any other official, acted with deliberate indifference.  Rather, the evidence suggests quite the opposite.  Consequently, the Court will grant Defendants' motion.

**2)    State Claims**

Although never addressed previously, a review of Plaintiff's Complaint reveals that he has asserted violations of various provisions of the Constitution of the Commonwealth of Pennsylvania. (Doc. 1 at 5.)  The Court may exercise jurisdiction over these claims pursuant to § 1367.  Section 1367(a) states:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Cases that "derive from a common nucleus of operative fact" with federal claims are part of the same case or controversy.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  The state law claims raised by Plaintiff derive from the same operative facts as the federal law claims, giving the Court jurisdiction under § 1367(a).  The Court, however, "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c).  The Supreme Court has indicated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers*, 383 U.S. at 726.

Here, the Court will grant summary judgment on the only remaining federal claim.  The remaining claims allege violations of various provisions of the Constitution of the Commonwealth of Pennsylvania.  The Court declines to exercise jurisdiction over these state law claims.  Therefore, the Court will dismiss the remaining state law claims for lack of jurisdiction pursuant to § 1367(c).

## CONCLUSION

Plaintiff failed to submit any evidence that Defendants Beard or Sobina, or any other official, acted with deliberate indifference.  Accordingly, the Court will grant Defendants' motion.  In addition, the Court will dismiss Plaintiff's remaining state law claims for lack of jurisdiction pursuant to § 1367(c).

An appropriate Order follows.

June 7, 2005                                    /s/ A. Richard Caputo
Date                                            A. Richard Caputo
                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RONALD K. SCOTT,

    Plaintiff,

        v.

KEITH B. QUIGLEY, et al.,

    Defendants.

CIVIL ACTION NO. 3:03-CV-768

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this  7th  day of June, 2005, **IT IS HEREBY ORDERED** that:

(1)    Defendants' Motion For Summary Judgment (Doc. 40) is **GRANTED**.

(2)    Plaintiff's remaining state law claims are **DISMISSED**.

(3)    The Clerk of the Court shall mark this case **CLOSED**.

                                          /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge